**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK RALEIGH, as the Personal Representative of the ESTATE OF BRAEDAN RALEIGH, Deceased, | ) ) ) |
| and | ) ) |
| BRENT CRIDDLE, as the Personal Representative of the ESTATE OF DEVIN CRIDDLE, Deceased, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AVCO CORPORATION, | ) ) |
| and | ) |
| AVSTAR FUEL SYSTEMS, INC. | ) ) |
| and | ) ) |
| CHAMPION AEROSPACE, LLC | ) ) |
| and | ) ) |
| PRECISION AIRMOTIVE, LLC | ) ) |
| Defendants. | ) |

Case No 4:23-cv-00852-MWB

**JURY TRIAL DEMANDED**

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT, AVSTAR FUEL SYSTEMS, INC.
TO PLAINTIFFS' COMPLAINT**

AND NOW, comes Defendant, AVStar Fuel Systems, Inc. ("AVStar"), by and through its counsel, Victor Rane, PLC, and hereby sets forth the following answer and affirmative defenses to Plaintiffs' Complaint:

**Answer to Complaint**

1.      AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of Plaintiffs' Complaint.

2.      AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of Plaintiffs' Complaint.

3.      Upon information and belief, AVStar admits that a certain Cessna model 172 aircraft crashed in or around Eden, Utah on May 29, 2021, that Braedan Raleigh and Devin Criddle were aboard the accident aircraft at the time of the crash, and that both occupants are deceased.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 3 of Plaintiffs' Complaint.

4.      AVStar admits that AVCO Corporation is a Delaware corporation and an aircraft engine manufacturer with a facility that is located in Williamsport, Pennsylvania.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 4 of Plaintiffs' Complaint.

5.      AVStar admits the averments of paragraph 5 of Plaintiffs' Complaint.

6.      AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6 of Plaintiffs' Complaint.

7.      AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of Plaintiffs' Complaint.

8.      AVStar denies the averments of paragraph 8 of Plaintiffs' Complaint, as conclusions of law.

9.      AVStar denies the averments of paragraph 9 of Plaintiffs' Complaint, including all subparts and subparagraphs, as conclusions of law.

10.      AVStar denies the averments of paragraph 10 of Plaintiffs' Complaint, including all subparts and subparagraphs, as conclusions of law.

11.     AVStar admits only that certain of its products have been delivered by common carrier to individuals or entities that are located in Pennsylvania.  Upon information and belief, AVStar also admits that the flow divider or fuel manifold that was installed on the engine of the accident aircraft was delivered by common carrier to AVCO in Pennsylvania.  Finally, AVStar admits that it has entered into contracts with AVCO from time to time, the terms and conditions of which are set forth in written documents that speak for themselves.  AVStar denies any and all remaining averments of paragraph 11 of Plaintiffs' Complaint.

12.     AVStar denies the averments of paragraph 12 of Plaintiffs' Complaint, including all subparts and subparagraphs, as conclusions of law.

13.     AVStar denies the averments of paragraph 13 of Plaintiffs' Complaint, including all subparts and subparagraphs, as conclusions of law.

14.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 14 of Plaintiffs' Complaint, as they relate to the other defendants.  AVStar denies as conclusions of law the averments of paragraph 14 of Plaintiffs' Complaint as they relate to AVStar.

15.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 15 of Plaintiffs' Complaint, as they relate to the other defendants.  AVStar admits, upon information and belief, that the flow divider or fuel manifold that was installed on the engine of the accident aircraft was delivered by common carrier to AVCO in Pennsylvania.  AVStar denies as conclusions of law the remaining averments of paragraph 15 of Plaintiffs' Complaint as they relate to AVStar.

16.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 16 of Plaintiffs' Complaint, as they relate to the other

defendants.  AVStar admits, upon information and belief, that the flow divider or fuel manifold that was installed on the engine of the accident aircraft was delivered by common carrier to AVCO in Pennsylvania.  AVStar denies the remaining averments of paragraph 16 of Plaintiffs' Complaint as they relate to AVStar.

17.     The averments of paragraph 17 of Plaintiffs' Complaint are denied as stated. Upon information and belief, the Cessna model 172S is a four-seat aircraft.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 17 of Plaintiffs' Complaint.

18.     The averments of paragraph 18 of Plaintiffs' Complaint are admitted, upon information and belief.

19.     The averments of paragraph 19 of Plaintiffs' Complaint are denied as stated. AVStar admits, upon information and belief, that the IO-360-L2A engine is a four-cylinder piston engine.  AVStar also admits that a fuel injector servo and flow divider or fuel manifold are two components in a larger system that delivers fuel to an engine for combustion.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 19 of Plaintiffs' Complaint.

20.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 20 of Plaintiffs' Complaint.

21.     AVStar admits, upon information and belief, that it designed, manufactured, sold, and certified the flow divider or fuel manifold that was installed on the engine in the accident aircraft.  AVStar denies the remaining averments of paragraph 21 of Plaintiffs' Complaint.

22.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 22 of Plaintiffs' Complaint.

23.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23 of Plaintiffs' Complaint.

24.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 24 of Plaintiffs' Complaint.

25.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25 of Plaintiffs' Complaint.

26.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 26 of Plaintiffs' Complaint.

27.     AVStar admits that an internal combustion engine requires fuel to operate, and that fuel can be delivered to an internal combustion engine by various systems and components, including a fuel pump, fuel injector servo, and flow divider or fuel manifold.  AVStar denies for lack of precision and clarity the characterizations set forth in paragraph 27 of Plaintiffs' Complaint, and any remaining allegations of paragraph 27 of Plaintiffs' Complaint.

28.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 28 of Plaintiffs' Complaint.

29.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 29 of Plaintiffs' Complaint.

30.     The averments of paragraph 30 of Plaintiffs' Complaint are denied as stated. AVStar admits only that the operation of the flow divider or fuel manifold can impact the performance of an engine.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of allegations relating to components designed, manufactured and/or sold by other defendants or entities, and otherwise denies any and all averments of paragraph 30 that are not specifically admitted herein.

31.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 31 of Plaintiffs' Complaint.

32.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 32 of Plaintiffs' Complaint.

33.     AVStar admits, upon information and belief, that the subject aircraft impacted the terrain and there was a fire at the crash site.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 33 of Plaintiffs' Complaint.

34.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 34 of Plaintiffs' Complaint.

35.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 35 of Plaintiffs' Complaint.

36.     AVStar admits that Plaintiffs purport to bring this action, pursuant to the Pennsylvania Wrongful Death and Survival Act.  AVStar denies any and all remaining averments of paragraph 36 of Plaintiffs' Complaint, as conclusions of law.

37.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 37 of Plaintiffs' Complaint.

38.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 38 of Plaintiffs' Complaint.

39.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 39 of Plaintiffs' Complaint.  For further response, the averments of paragraph 39 of Plaintiffs' Complaint include conclusions of law, which are denied.

40.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 40 of Plaintiffs' Complaint.  For further response, the averments of paragraph 40 of Plaintiffs' Complaint include conclusions of law, which are denied.

41.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 41 of Plaintiffs' Complaint.  For further response, the averments of paragraph 41 of Plaintiffs' Complaint include conclusions of law, which are denied.

42.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 42 of Plaintiffs' Complaint.  For further response, the averments of paragraph 42 of Plaintiffs' Complaint include conclusions of law, which are denied.

43.     In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

44.     AVStar admits that AVCO is a manufacturer of  certain aircraft engines, some of which include fuel manifolds or flow dividers and fuel injector servos.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 44 of Plaintiffs' Complaint.

45.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 45 of Plaintiffs' Complaint.

46.     AVStar denies for lack of precision and clarity the allegations set forth in paragraph 46 of Plaintiffs' Complaint, as they purport to relate to AVStar products.  AVStar

lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

47.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 47 of Plaintiffs' Complaint.

48.     AVStar denies the averments of paragraph 48 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

49.     AVStar denies the averments of paragraph 49 of Plaintiffs' Complaint, including all subparts and subparagraphs, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

50.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of Plaintiffs' Complaint.

51.     AVStar denies the averments of paragraph 51 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

52.     AVStar denies the averments of paragraph 52 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

53.     AVStar denies the averments of paragraph 53 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

54.     AVStar denies the averments of paragraph 54 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

55.     AVStar denies the averments of paragraph 55 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

56.     AVStar denies the averments of paragraph 56 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

57.     AVStar denies the averments of paragraph 57 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

58.     AVStar denies the averments of paragraph 58 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

59.     AVStar denies the averments of paragraph 59 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

60.     AVStar denies the averments of paragraph 60 of Plaintiffs' Complaint, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

61.     In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

62.     AVStar admits that AVCO is a manufacturer of certain aircraft engines and related accessories, including model IO-360-L2A.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 62 of Plaintiffs' Complaint.

63.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 63 of Plaintiffs' Complaint.

64.     AVStar admits that AVCO is a manufacturer and overhauler of certain aircraft engines, some of which may contain new or overhauled accessories that it obtains from AVStar.  AVStar denies the averments of paragraph 64 of Plaintiffs' Complaint, as they relate to AVStar products, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 64 of Plaintiffs' Complaint.

65.     AVStar denies the averments of paragraph 65 of Plaintiffs' Complaint, including all subparts and subparagraphs, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

66.     The averments of paragraph 66 of Plaintiffs' Complaint are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

67.     The averments of paragraph 67 of Plaintiffs' Complaint are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

68.     In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

69.     AVStar admits that AVCO is a manufacturer and overhauler of certain aircraft engines.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 69 of Plaintiffs' Complaint.

70.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 70 of Plaintiffs' Complaint.

71.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 71 of Plaintiffs' Complaint.

72.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 72 of Plaintiffs' Complaint.

73.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 73 of Plaintiffs' Complaint.

74.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 74 of Plaintiffs' Complaint.

75.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 75 of Plaintiffs' Complaint.

76.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 76 of Plaintiffs' Complaint.

77.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 77 of Plaintiffs' Complaint.

78.     AVStar denies the averments of paragraph 78 of Plaintiffs' Complaint, including all subparts and subparagraphs, as they relate to AVStar products.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other products.

79.     AVStar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 79 of Plaintiffs' Complaint.

80.     The averments of paragraph 80 of Plaintiffs' Complaint are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

81.     In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

82.– 96.     The averments of paragraphs 82 through 96 of Plaintiffs' Complaint (including subparts and subparagraphs) are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

97.      In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

98. - 102.      The averments of paragraphs 98 through 102 of Plaintiffs' Complaint (including subparts and subparagraphs) are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

103.      In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

104. – 115.      The averments of paragraphs 104 through 115 of Plaintiffs' Complaint (including subparts and subparagraphs) are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

116.      In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

117.    The averments of paragraph 117 of Plaintiffs' Complaint are denied as stated. AVStar admits only that it manufactures, sells and overhauls certain flow dividers or fuel manifolds for certain aircraft engines.  AVStar denies any and all remaining averments of paragraph 117 of Plaintiffs' Complaint.

118.    The averments of paragraph 118 of Plaintiffs' Complaint are denied as stated. AVStar admits, upon information and belief, that it manufactured, tested and sold the flow divider or fuel manifold that was attached to the engine in the accident aircraft.  AVStar denies any and all remaining averments of paragraph 118 of Plaintiffs' Complaint.

119. – 121.    The averments of paragraphs 119 through 121 of Plaintiffs' Complaint are denied.

122.    The averments of paragraph 122 of Plaintiffs' Complaint, including all subparts and subparagraphs, are denied.

123. – 131.    The averments of paragraphs 123 through 131 of Plaintiffs' Complaint are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

132.    In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

133.    The averments of paragraph 133 of Plaintiffs' Complaint are denied as stated. AVStar admits only that it manufactures, sells and overhauls certain flow dividers or fuel manifolds for certain aircraft engines.  AVStar denies any and all remaining averments of paragraph 133 of Plaintiffs' Complaint.

134.     The averments of paragraph 134 of Plaintiffs' Complaint are denied as stated. AVStar admits that the United States Department of Transportation, Federal Aviation Administration has issued Parts Manufacturer Approval to it for flow divider/fuel manifold AV2576564-1, and that the same complies with any and all standards and regulations in all respects.  AVStar denies any and all remaining averments of paragraph 134 of Plaintiffs' Complaint.

135.     The averments of paragraph 135 of Plaintiffs' Complaint, including all subparts and subparagraphs, are denied.

136. – 137.     The averments of paragraphs 136 through 137 of Plaintiffs' Complaint are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

138.     In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

139.     The averments of paragraph 139 of Plaintiffs' Complaint are denied as stated. AVStar admits only that it manufactures, sells and overhauls certain flow dividers or fuel manifolds for certain aircraft engines.  AVStar denies any and all remaining averments of paragraph 139 of Plaintiffs' Complaint.

140. - 143.     The averments of paragraphs 140 through 143 of Plaintiffs' Complaint are denied as stated.  AVStar admits only that flow divider/fuel manifold AV2576564-1 is identified on its internet website, which is a writing that speaks for itself.  AVStar denies any and all remaining averments of paragraphs 140 through 143 of Plaintiffs' Complaint.

144. – 146.    The averments of paragraphs 144 through 146 of Plaintiffs' Complaint are denied as conclusions of law.

147.    The averments of paragraph 147 of Plaintiffs' Complaint are denied as stated. AVStar denies that the subject flow divider/fuel manifold was defectively designed or manufactured, or that it malfunctioned in any way.  AVStar further denies that it made any inaccurate descriptions, representations or affirmations to any person or entity.  AVStar lacks knowledge or information sufficient to form a belief as to the truth of any averments regarding Plaintiffs' decedents' state of mind.  AVStar denies any and all remaining averments of paragraph 147 of Plaintiffs' Complaint not specifically admitted herein.

148.    The averments of paragraph 148 of Plaintiffs' Complaint, including all subparts and subparagraphs, are denied.

149. – 150.    The averments of paragraphs 149 through 150 of Plaintiffs' Complaint are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

151.    In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

152.– 166.    The averments of paragraphs 152 through 166 of Plaintiffs' Complaint (including subparts and subparagraphs) are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

167.    In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

168. - 172.    The averments of paragraphs 168 through 172 of Plaintiffs' Complaint (including subparts and subparagraphs) are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

173.    In response to this paragraph of Plaintiffs' Complaint, AVStar incorporates by reference the preceding paragraphs of this Answer and Affirmative Defenses.

174. – 185.    The averments of paragraphs 174 through 185 of Plaintiffs' Complaint (including subparts and subparagraphs) are not directed at AVStar, and therefore, no response is required.  To the extent those allegations otherwise are deemed or intended to apply to AVStar, they are denied.

WHEREFORE, Defendant, AVStar Fuel Systems, Inc., demands judgment in its favor and against all other parties to this action, together with such other and further relief as deemed appropriate by this Honorable Court.

**Affirmative Defenses**

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by any and all applicable statutes of limitation and/or repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and Plaintiffs' decedents' injuries or damages were neither caused in fact nor proximately caused by any fault, negligence, gross negligence, act, omission, conduct, or breach of duty by or attributable to AVStar.

### FOURTH AFFIRMATIVE DEFENSE

Other individuals and/or entities, as yet unidentified and/or not named as parties to this action, were negligent or grossly negligent or legally responsible or otherwise at fault for the damages alleged in the Complaint. In the event of a finding of liability in favor of Plaintiffs and against AVStar or other parties, by way of judgment, settlement, or otherwise, AVStar requests that an apportionment of fault among all responsible individuals, entities and/or parties may be made by the Court or jury, and that a judgment and declaration of partial indemnification and contribution against all parties be made in accordance with the apportionment of fault.

### FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiffs were caused or contributed to by Plaintiffs' decedents' own negligence or culpable conduct and consequently, AVStar is not liable to Plaintiffs. Alternatively, AVStar's liability to Plaintiffs, if any, is partial only and should be reduced in accordance with applicable law. Plaintiffs' claims are therefore barred, or at the very

18

least diminished, by reason of Plaintiffs' decedents' own negligence, contributory negligence, comparative negligence, and in accordance with any and all applicable comparative/contributory negligence statutes.

### SIXTH AFFIRMATIVE DEFENSE

Any injuries or damages incurred by Plaintiffs were the result of conditions, events, persons or entities over which AVStar has no control and for which is has no legal responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

The sole and proximate cause of Plaintiffs' injuries and damages was the acts or omissions of others.

### EIGHTH AFFIRMATIVE DEFENSE

The damages or injuries alleged by Plaintiffs were the result of intervening and superseding causes for which AVStar cannot be held liable.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages were caused in whole or in part by a new and independent cause not reasonably foreseeable by AVStar. Such new and independent cause became the direct and proximate cause of the accident.

### TENTH AFFIRMATIVE DEFENSE

All the damages claimed by Plaintiffs are the result of an unavoidable accident and were not proximately caused by any alleged negligence or misconduct on the part of AVStar.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent permitted by law, AVStar is entitled to claim offsets from any settlements and/or verdicts in this or any other litigation and/or claims arising out of the accident at issue in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs lack the legal capacity, standing, and authority to bring this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

If any product at issue was designed, manufactured, and/or sold by AVStar, the design complied with all applicable standards, state of the art, codes, laws, federal and state statutes, regulations and specifications.

## FOURTEENTH AFFIRMATIVE DEFENSE

If any product at issue was designed, manufactured, and/or sold by AVStar, and any unsafe or dangerous condition existed with respect to such product, which is denied by AVStar, AVStar had no notice, either actual or constructive, of the existence of such unsafe or dangerous condition.

## FIFTEENTH AFFIRMATIVE DEFENSE

If any product at issue was designed, manufactured, and/or sold by AVStar, the utility of the product outweighed the risks.

## SIXTEENTH AFFIRMATIVE DEFENSE

If any product at issue was designed, manufactured, and/or sold by AVStar, any damages allegedly resulting from such product were proximately caused by the misuse of, alteration of, or tampering with such product by actors over which AVStar had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs and Plaintiffs' decedents knew or, in the exercise of ordinary case, should have known of the risks and hazards involved in the undertaking in which Plaintiffs' decedents were engaged, and Plaintiffs' decedents nevertheless engaged in said undertaking knowing of said risks and hazards incident to said undertaking at the time and place mentioned in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs may have sustained injuries or damages, Plaintiffs have failed to mitigate those damages as required by law.

## NINETEENTH AFFIRMATIVE DEFENSE

AVStar neither owed nor breached any contractual obligations to Plaintiffs or Plaintiffs' decedents. Plaintiffs' claims against AVStar fail for lack of privity.

## TWENTIETH AFFIRMATIVE DEFENSE

AVStar did not breach any warranties, either express or implied.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any alleged breach of warranty by AVStar was not the proximate cause of any of Plaintiffs' alleged injuries.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The purchaser of the products and all beneficiaries of any warranties, express or implied, relating to the products failed to provide notice of the alleged breaches of warranty to AVStar

pursuant to the applicable provisions of the Uniform Commercial Code, and therefore Plaintiffs' claims based on warranties either express or implied, cannot be sustained against AVStar.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties to this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The subject aircraft and its component parts were intended for and sold to a knowledgeable and sophisticated user over whom AVStar had no control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The subject aircraft and all its component parts were certified as airworthy by the Federal Aviation Administration and complied with all applicable codes, standards and regulations of the United States and agencies and administrations thereof at the time they were delivered. Accordingly, Plaintiffs' claims are preempted by federal law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred because Plaintiffs have been fully satisfied and/or compensated for their injuries and damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This action may be governed, in whole or in part, by the laws of other jurisdictions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims and/or causes of action set forth in Plaintiffs' Complaint are barred, in whole or in part, by the doctrines of res judicata, laches, collateral estoppel, and/or the entire controversy doctrine.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or causes of action are barred and/or limited  by the doctrines of payment and release.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The subject accident was the proximate result of a voluntary assumption of a known risk by Plaintiffs' decedents, by reason of which the estates of said decedents are barred from recovery through this action.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent that AVStar manufactured, overhauled, sold or otherwise supplied any component that was installed in the accident aircraft, AVStar's liability is barred and/or limited by the terms and conditions of that sale.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

AVStar incorporates by reference as if fully set forth at length herein all defenses, both affirmative and otherwise, raised, pleaded, or asserted by any other defendant in this lawsuit or that may, in the future, be joined to this lawsuit.

Respectfully submitted,

VICTOR RANE, PLC
By: */s/ Robert J. Williams*
Robert J. Williams, Esquire (PA Id. No. 76139)
1001 Liberty Avenue, Suite 500
Pittsburgh, PA 15222-3001
Telephone  412-200-5723
Facsimile  412-200-5728
rwilliams@victorrane.com

Date: July 10, 2023                    *Counsel for Defendant AVStar Fuel Systems, Inc.*

23

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of July, 2023, a true and correct copy of the

foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served on all parties via the

CM/ECF system.


By: *<u>/s/ Robert J. Williams</u>*